```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 30, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
RAMON ANTONIO CASTRO-RAMIREZ,                         :
                                                      :
                              Plaintiff,              :      13 Civ. 6001 (KPF)
                                                      :
              v.                                      :      OPINION AND ORDER
                                                      :
U.S. CITIZENSHIP AND IMMIGRATION                      :
SERVICES,                                             :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

    *Pro se* Plaintiff Ramon Antonio Castro-Ramirez, a native and citizen of the Dominican Republic, seeks review of an April 2013 final decision of Defendant United States Citizenship and Immigration Services ("USCIS")[1] denying his application to become a naturalized citizen of the United States. Defendant has moved to dismiss, or alternatively for summary judgment, on the grounds that Plaintiff is barred from becoming a naturalized citizen as a result of his prior criminal conviction. For the reasons discussed in the remainder of this Opinion, Defendant's motion to dismiss is converted to one for summary judgment, and is granted.

---

[1] "As part of the Homeland Security Act of 2002, the [United States Immigration and Naturalization Service] was divided into two different bureaus: the Bureau of Immigration and Customs Enforcement and the Bureau of U.S. Citizenship and Immigration Services. The Bureau of U.S. Citizenship and Immigration Services (CIS) handles applications for U.S. citizenship." *Chan* v. *Gantner*, 464 F.3d 289, 290 (2d Cir. 2006) (citing *Brown* v. *Ashcroft*, 360 F.3d 346, 348 n.1 (2d Cir. 2004)).

**BACKGROUND**[2]

A.   **Factual Background**

Plaintiff is a native and citizen of the Dominican Republic, and was admitted into the United States as a Permanent Resident on or about February 12, 1967.  (Def. 56.1 ¶¶ 1-2).  On April 26, 1983, Plaintiff was arrested in Yonkers, New York, and charged with criminal sale of a controlled substance in the third degree; the controlled substance was cocaine.  (*Id.* at ¶¶ 3-4).  Plaintiff pleaded guilty to criminal sale of a controlled substance in the third degree on December 22, 1983, and was scheduled to be sentenced on January 19, 1984.  (*Id.* at ¶¶ 4-5).  When Plaintiff failed to appear for that sentencing, a bench warrant was issued for his arrest.  (*Id.* at ¶ 6).

Plaintiff was arrested on or about May 22, 1996, on the January 19, 1984 bench warrant.  (Def. 56.1 ¶ 7).  On September 5, 1996, Plaintiff was sentenced in the Supreme Court of New York, Westchester County, to a term of one to three years' imprisonment.  (*Id.* at ¶ 8).  On September 5, 1996, a

---

[2]   The facts alleged herein are drawn from Plaintiff's "Petition for a Declaratory Writ of U.S. Citizenship" ("Pet.") (Dkt. #1); the Declaration of Patricia Buchanan (Dkt. #13) and the exhibits attached thereto; and Defendant's Rule 56.1 Statement ("Def. 56.1") (Dkt. #14).  Plaintiff has not opposed Defendant's 56.1 Statement.  Accordingly, the Court finds these facts to be true for the purposes of this Opinion.  *See* S.D.N.Y. Local Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a corresponding numbered paragraph in the statement required to be served by the opposing party.").

For convenience, Defendant's moving brief will be referred to as "Def. Br.," and Defendant's reply as "Def. Reply."  Plaintiff submitted two opposition papers: the first, titled "Incarceration Time," will be referred to as "Feb. 19 Opp."; the second, titled "Judicial Notice Following: Federal Rule of Evidence 201(f)," as "Mar. 11 Opp."  The Court has adopted the mode of pagination employed by the Court's electronic filing system in citing to Plaintiff's submissions.

written judgment was entered against Plaintiff, reflecting his conviction for criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39.  (*Id.* at ¶ 9).  Plaintiff was incarcerated from approximately September 19, 1996, to September 5, 1997.  (Feb. 19 Opp. 2-3).

As a result of his 1996 conviction, Plaintiff was found to be deportable under Section 241(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1251(a)(2)(A)(iii), (B)(i).  (Def. 56.1 ¶ 10).  However, on or about March 17, 2003, Plaintiff was granted a waiver of inadmissibility under Section 212(c) of the INA, 8 U.S.C. § 1182(c), by an Immigration Judge.  (*Id.* at ¶ 11).[3]

Plaintiff filed an application for naturalization on April 3, 2012.  (Def. 56.1 ¶ 12).  USCIS issued a decision denying Plaintiff's application on December 1, 2012, on the grounds that his felony conviction precluded a finding of good moral character, as required for naturalization.  (*Id.* at ¶ 13; Buchanan Decl. Ex. I).  Plaintiff appealed that decision on December 19, 2012.  (Def. 56.1 ¶ 14).  On April 23, 2013, USCIS reaffirmed its decision to deny Plaintiff's naturalization application.  (*Id.* at ¶ 15).

---

[3]  Section 212(c) was repealed in 1996 by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (amending 8 U.S.C. § 1182(c)).  *See I.N.S.* v. *St. Cyr*, 533 U.S. 289 (2001) (affirming the Second Circuit's finding that the repeal of Section 212(c) was not retroactive); *see also United States* v. *Gill*, No. 12-2207-cr, — F.3d —, 2014 WL 1797463, at *6-7 (2d Cir. May 7, 2014) (recounting history of Section 212(c) and its repeal).

3

**B.     Procedural History**

Plaintiff initiated the instant action on August 22, 2013, seeking additional review of USCIS's decision to deny his naturalization application. (Dkt. #1).  Specifically, Plaintiff claims that he is not precluded from establishing "good moral character" because his criminal conviction does not constitute an aggravated felony.  (Pet. 1-2).

On December 11, 2013, Defendant filed a pre-motion letter, seeking leave to move to dismiss the Complaint for failure to state a claim.  (Dkt. #8).  Pursuant to the briefing schedule set forth at the January 10, 2014 pre-motion conference (Dkt. #10), Defendant's motion to dismiss, or in the alternative for summary judgment, was filed on February 10, 2014 (Dkt. #11).  Plaintiff's opposition titled "Incarceration Time" was filed on February 19, 2014 (Dkt. #16), and Plaintiff's opposition titled "Judicial Notice Following: Federal Rule of Evidence 201(f)" was filed on March 11, 2014 (Dkt. #17).  The motion was fully submitted as of the filing of Defendant's reply on April 11, 2014.  (Dkt. #18).  The Court will now consider Defendant's motion.

## DISCUSSION

**A.     The Standard of Review**

### 1.     Conversion of a Rule 12(b)(6) Motion to a Rule 56 Motion

Rule 12(d) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable

4

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Thus, a district court may convert a motion to dismiss into a motion for summary judgment when the motion presents matters outside the pleadings, but the court must give "sufficient notice to an opposing party and an opportunity for that party to respond." *Groden* v. *Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995).

"Care should, of course, be taken by the district court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." *Ramsey* v. *Coughlin*, 94 F.3d 71, 73-74 (2d Cir. 1996) (quoting 6 James W. Moore, MOORE'S FEDERAL PRACTICE ¶ 56.12, at 56-165 (2d ed. 1995)). "Notice is particularly important when a party is proceeding *pro se* and may be unaware of the consequences of his failure to offer evidence bearing on triable issues." *Beacon Enterprises, Inc.* v. *Menzies*, 715 F.2d 757, 767 (2d Cir. 1983).

Both parties have presented matters outside the pleadings in connection with this motion. Moreover, there are no material facts in dispute; indeed, Plaintiff has not controverted any facts put forth by Defendant. Conversion is proper here because Defendant provided Plaintiff with notice that the Court might treat Defendant's motion to dismiss as a motion for summary judgment, and informed him that if he did not respond "by filing sworn affidavits and other papers as required by Rule 56(e)," his "COMPLAINT MAY BE

5

DISMISSED." (Dkt. #15).  *See Hernandez* v. *Coffey*, 582 F.3d 303, 308 n.2 (2d Cir. 2009) (citing cases finding that a Local Rule 12.1 Notice provides sufficient notice to *pro se* parties).  Lastly, Defendant has submitted a Local Rule 56.1 Statement in connection with its motion and has titled its motion as one for summary judgment in the alternative; in response, Plaintiff has submitted additional matters outside of the pleadings for the Court's review.  Accordingly, the Court exercises its discretion to convert Defendant's motion to one for summary judgment.

>2.    **Summary Judgment Generally**

Under Fed. R. Civ. P. 56(a), summary judgment may be granted only if all the submissions taken together "show[] that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *see also Jeffreys* v. *City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). The movant may discharge this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

6

burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also Selevan* v. *N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (finding summary judgment appropriate where the non-moving party fails to "come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim" (internal quotation marks omitted)).

If the moving party meets this burden, the nonmoving party must "set out specific facts showing a genuine issue for trial" using affidavits or otherwise, and cannot rely on the "mere allegations or denials" contained in the pleadings. *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477 U.S. at 323-24; *Wright* v. *Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal quotation marks omitted), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight* v. *U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986) (quoting *Quarles* v. *General Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985)). Furthermore, "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks* v. *Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher* v. *Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (internal quotation marks and citations omitted)).

### 3. Summary Judgment in *Pro Se* Cases

When considering a motion for summary judgment, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson* v. *Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010) (citing *LaSalle Bank Nat'l Ass'n* v. *Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005)). In a *pro se* case, the Court must go one step further and liberally construe the party's pleadings "to raise the strongest arguments that they suggest." *McPherson* v. *Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos* v. *Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Nonetheless, a *pro se* litigant must still be held to the normal requirements of summary judgment, and "bald assertion[s]," unsupported by evidence, will not overcome a motion for summary judgment. *See Carey* v. *Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991); *Stinson* v. *Sheriff's Department*, 499 F. Supp. 259, 262 (S.D.N.Y. 1980) (holding that the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended").

### B. Defendants Are Entitled to Summary Judgment Because Plaintiff Is Statutorily Precluded from Obtaining Naturalized Citizenship

#### 1. The Law on Naturalization

Applicants for naturalization may seek *de novo* judicial review of an adverse USCIS decision in a United States district court. 8 U.S.C. § 1421(c). The reviewing district court is not limited to the administrative record; the court may also rely on facts established in the district court. *Chan*, 464 F.3d

at 291.  "The applicant bears the burden of establishing that he is entitled to naturalization," and may do so by demonstrating that he has "met all statutory requirements for becoming a naturalized citizen."  *Rivera* v. *U.S. Citizenship & Immigration Servs.*, No. 13 Civ. 1044 (TPG), — F. Supp. 2d —, 2014 WL 926091, at *2 (S.D.N.Y. Mar. 10, 2014) (citing *Berenyi* v. *Dist. Dir., Immigration & Naturalization Serv.*, 385 U.S. 630, 637 (1967)).

The requirements for naturalized citizenship are set forth at INA Sections 312 and 316, 8 U.S.C. §§ 1423, 1427.  Those requirements include, *inter alia*, that the applicant has resided continuously in the United States as a lawful permanent resident for the five years preceding the filing of his application, and that during that period he was, and remains, "a person of good moral character."  INA § 316(a)(3), 8 U.S.C. § 1427(a)(3).  However, a person is precluded from establishing "good moral character" if (i) he has been convicted of an aggravated felony and (ii) that conviction occurred after November 29, 1990, the date on which the aggravated felony bar was added to the INA.  *See* 8 U.S.C. § 1101(f)(8); *see also Chan*, 464 F.3d at 293 (quoting 8 U.S.C § 1101(a)(43)); *Boatswain* v. *Gonzales*, 414 F.3d 413, 418 (2d Cir. 2005); *Del Orbe* v. *Holder*, No. 12 Civ. 1057 (PAE), 2012 WL 3655923, at *3 n.3 (S.D.N.Y. Aug. 27, 2012) ("The aggravated felony exclusion was introduced by a 1990 amendment to the immigration laws. USCIS has, therefore, interpreted the exclusion as applicable only to convictions entered after the statute's November 29, 1990 effective date." (citing 8 C.F.R. § 316.10(b)(1)(H) and *Puello* v. *Bureau of Citizenship & Immigration Servs.*, 511 F.3d 324, 328 (2d Cir. 2007))); *Flores* v.

9

*Quarantillo*, No. 07 Civ. 3983 (DC), 2008 WL 5396599, at *3 (S.D.N.Y. Dec. 29, 2008) (collecting cases).

"Under the INA, an aggravated felony includes 'illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924(c) of Title 18).'" *Flores*, 2008 WL 5396599, at *3 (quoting INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B)); *see also Lopez* v. *Gonzales*, 549 U.S. 47, 60 (2006) (finding that state convictions for crimes that would be punishable as felonies under the Controlled Substances Act of 1970, Pub. L. No. 91-513, 84 Stat. 1242, and its amendments suffice to constitute aggravated felony convictions for immigration purposes); *Nolan* v. *Holmes*, 334 F.3d 189, 192 (2d Cir. 2003) (conviction for possession with intent to distribute cocaine under Section 841(a)(1) constitutes an aggravated felony).

### 2.   Application

As a preliminary matter, Plaintiff does not dispute any of the facts put forth by Defendants in connection with this motion, but only the legal significance of those facts.  Plaintiff was convicted in 1996 of criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39.  (Def. 56.1 ¶ 9).  The Second Circuit has explicitly held that the elements of Section 220.39 are "analogous" to those of 21 U.S.C. § 841(a)(1), which prohibits, *inter alia*, "the distribution of, or possession with intent to distribute a controlled substance, an offense punishable by a term of imprisonment greater than one year." *Pascual* v. *Holder*, 707 F.3d 403, 405, *adhered to on reh'g*, 723 F.3d 156 (2d Cir. 2013).  Thus, "a conviction under

NYPL § 220.39, a Class B felony ... constitutes an aggravated felony conviction" for the purposes of a naturalization application. *Id.* at 404-05 (collecting cases in this District and in other circuits reaching the same conclusion).[4] On this basis, USCIS correctly denied Plaintiff's application for naturalization, because his criminal conviction precludes him from establishing good moral character.

Plaintiff raises a number of unavailing arguments before this Court. First, Plaintiff contends that because he pleaded guilty in 1983, he is not subject to the statutory bar to establishing good moral character, which was added to the INA in 1990. (Pet. 1-2). However, the Second Circuit has previously held that the operative action is the court's formal entry of judgment, not the court's acceptance of a defendant's guilty plea. *Puello*, 511 F.3d at 331 (holding that "'conviction' refers to the date on which judgment is entered on the docket, not the date on which a court accepts a guilty plea"). Thus, Plaintiff's 1996 conviction — for what the Court has already determined

---

[4]   A sale need not even take place to constitute "distribution" within the meaning of the statute. As the Second Circuit noted in *Pascual*,

> In deciding whether a state conviction corresponds to an "aggravated felony," we employ a "categorical approach" under which "'the singular circumstances of an individual petitioner's crimes should not be considered, and only the minimum criminal conduct necessary to sustain a conviction under a given statute is relevant.'" *Gertsenshteyn* v. *U.S. Dep't of Justice,* 544 F.3d 137, 143 (2d Cir. 2008) (quoting *Dalton* v. *Ashcroft,* 257 F.3d 200, 204 (2d Cir. 2001)). The question, then, is whether the elements of NYPL § 220.39 would be punishable as a felony under federal criminal law. *See Lopez* [v. *Gonzalez*]*,* 549 U.S. [47,] 57, 127 S.Ct. 625 [2006]. The federal statute analogous to NYPL § 220.39 is 21 U.S.C. § 841(a)(1), which prohibits, *inter alia,* the distribution of, or possession with intent to distribute a controlled substance, an offense punishable by a term of imprisonment greater than one year.

707 F.3d at 405.

to be an aggravated felony — precludes him from establishing good moral character.

Second, Plaintiff argues that because he was actually incarcerated for less than one year, his conviction cannot constitute a felony. (Feb. 18 Opp. 1-2). However, the amount of time Plaintiff actually served is not relevant to the determination of whether an offense is an aggravated felony. Instead, the Court must examine "whether the elements of NYPL § 220.39 would be punishable as a felony under federal criminal law." *Pascual*, 707 F.3d at 405. The Court has already determined that Section 220.39 constitutes an aggravated felony, and on this basis, Plaintiff is precluded from establishing good moral character, regardless of the amount of jail time he actually served.

Third, Plaintiff asserts that because he was granted a waiver of inadmissibility pursuant to INA § 212(c), he is eligible for naturalization. (Pet. 1-2). This argument was explicitly rejected by the Second Circuit in *Chan*. That Court held that relief under former Section 212(c) "merely provides that an alien may ... be allowed to remain in the United States despite a finding of excludability or deportability. Thus, when section 212(c) relief is granted, the Attorney General does not issue a pardon or expungement of the conviction itself." *Chan*, 464 F.3d at 295 (internal citation omitted); *see also Flores*, 2008 WL 5396599, at *3 (finding that the Section 212(c) waiver "had no effect on the statutory bar precluding persons convicted of an aggravated felony 'at any time' from establishing good moral character" (internal citations omitted)).

Lastly, Plaintiff cites to and attaches a number of factually and legally inapposite cases in his Petition and various opposition papers, but omits any additional argument or discussion of why those cases are relevant, beyond his handwritten emphases and emendations onto copies of those cases. (*See generally* Pet. 4-5, 8-13; Feb. 19 Opp. 2-3, 20-36; Mar. 11 Opp. 1-22). The Court has considered all of the cases cited by Plaintiff in order to raise the strongest arguments his papers suggest. *See, e.g., Moncrieffe* v. *Holder*, 133 S. Ct. 1678, 1693-94 (2013) (holding that "if a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA"); *Akinsade* v. *Holder*, 678 F.3d 138 (2d Cir. 2012), *as amended* (May 11, 2012) (finding that a noncitizen was not an aggravated felon where the Board of Immigration Appeals ("BIA") improperly inferred from the noncitizen's plea colloquy that he committed the offense of embezzlement by a bank employee with an intent to defraud); *Prus* v. *Holder*, 660 F.3d 144, 149 (2d Cir. 2011) (finding that promoting prostitution did not constitute an aggravated felony because "N.Y. Penal Law § 230.25(1) punishes conduct that does not involve a 'prostitution business' as the term prostitution is used in the INA" (internal citation omitted)); *Duarte-Ceri* v. *Holder*, 630 F.3d 83, 85 (2d Cir. 2010) (remanding to the district court for factual finding on the time of day the noncitizen was born, in order to determine whether noncitizen acquired derivative U.S. citizenship from his mother); *Lawson* v. *U.S. Citizenship & Immigration Servs.*, 795 F. Supp. 2d 283, 296 (S.D.N.Y. 2011)

(finding that noncitizen could establish good moral character where, among other things, his aggravated felony conviction had occurred in 1986 and was not subject to the aggravated felony bar); *Matter of Abdelghany*, 26 I. & N. Dec. 254 (BIA 2014) (discussing who may receive a Section 212(c) wavier of ineligibility); *In re Crammond,* 23 I. & N. Dec. 9 (BIA 2001) (en banc), *vacated on other grounds*, 23 I. & N. Dec. 179 (BIA 2001) (en banc) (for "sexual abuse of a minor" to count as an "aggravated felony" for purposes of removal, it must be a felony as defined in 18 U.S.C. § 3559(a)(5)). The Court concludes, however, that the cases cited by Plaintiff are factually and/or procedurally inapposite, and thus unhelpful in resolving the relevant legal issues. (*See generally* Def. Br. 18-21, Def. Reply 4-6).

   The Court has no reason to doubt Plaintiff's assertion that he has shown "good moral conduct" for the previous 29 years. (Pet. 1). Yet the fact remains that under clear and controlling Second Circuit precedent, Plaintiff's criminal conviction bars him from proving good moral character as a matter of law. Plaintiff has failed to raise any material, disputed facts demonstrating that USCIS incorrectly denied his naturalization application; in fact, the record indicates quite plainly that USCIS correctly denied Plaintiff's application. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claims.

## CONCLUSION

Defendant's motion to dismiss, or alternatively for summary judgment, is converted to one for summary judgment, and is GRANTED. The Clerk of Court is directed to terminate Docket Entry 11, and to mark the case as closed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. See *Coppedge* v. *United States*, 369 U.S. 438, 444-45.

SO ORDERED.

Dated:   May 30, 2014
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*
Ramon Antonio Castro-Ramirez
530 Audubon Avenue
Apt. # 38
New York, NY 10040